LETTS, Judge.
This controversy arose following the sale of improved, residential real property. The seller, at the time of sale, was using the property as a multi-family residence and so represented its use to the buyer. However, in fact, the municipal zoning limited the property’s use to a single family residence and the city, upon being apprised of the situation long after the closing, began levying fines for a continuing violation. Some eighteen months later, a suit for “rescission and damages” was filed.
After a bench trial, the judge concluded that so much water had flowed under the bridge that there was no way to restore the status quo. The trial judge, therefore, denied rescission, but applying the “standards” set forth in Johnson v. Davis, 480 So.2d 625 (Fla.1985), decided instead to “fashion an equitable resolution of this matter ... and award damages.” Unfortunately, neither side was satisfied with this solution resulting in both an appeal and a cross appeal. We agree that rescission was not appropriate, but, in part, we reverse the compensatory damages award.
One of the items of damage awarded was $25,163.94 in the form of labor and improvements carried out by the buyer. However, since the result leaves the property in the buyer’s hands, the seller should not be required to reimburse the buyer for improvements from which the buyer will reap the benefit.
In all other respects, the judgment is affirmed. This cause is remanded with directions to enter an amended final judgment reducing the amount thereof from $76,163.94 to $51,000.00.
AFFIRMED IN PART, REVERSED IN PART.
DELL and GUNTHER, JJ., concur.